# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| W. W. A. Zongo,<br><br>        Plaintiff,<br><br>v.<br><br>Monty Wilkinson, Acting Attorney General, Department of Justice; Alejandro Mayorkas, Secretary, Department of Homeland Security; Tae D. Johnson, Acting Director, Immigration and Customs Enforcement; Marcos Charles, Director, St. Paul Field Office, Immigration and Customs Enforcement; and Joel Brott, Sheriff, Sherburne County Jail,<br><br>        Defendants. | Case No. 21-CV-0407 (PAM/HB)<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |

      W.W.A. Zongo commenced this action by filing a petition for a writ of habeas corpus. [ECF No. 1]. Before any action was taken on the habeas petition, Zongo filed both a motion to amend his pleading and a proposed amended complaint. [ECF Nos. 5 & 5-1.] The Court will grant the motion, and Zongo's proposed amended complaint [ECF No. 5-1] will be regarded by this Court as the operative pleading in this matter. The Court will direct the Clerk of Court to re-docket that document in order to make clear its status as operative pleading.

      Zongo's decision to file an amended complaint has several downstream consequences for this litigation. For example, this is no longer a habeas action; Zongo

1

directly asks in his motion to amend that "the vehicle for his litigation" be changed from habeas corpus to a traditional civil-rights action [ECF No. 5 at 1], and the amended complaint clearly presents civil rather than habeas claims. Some of the resulting changes are minor. Zongo is no longer a petitioner, but rather now a plaintiff; the opposing parties are now defendants.

More consequentially, though, Zongo's application to proceed *in forma pauperis* ("IFP"), combined with the conversion of this litigation away from habeas corpus, now brings this matter within the ambit of 28 U.S.C. § 1915(e)(2)(B). Under that provision, an action (or part of an action) may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his amended complaint, Zongo names as opposing parties the officials traditionally named as respondents by immigration detainees seeking release from their detention: the Attorney General of the United States, the Secretary of the Department of Homeland Security, and so on. There are different pleading requirements in civil-rights litigation, however. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Zongo's claims concern the conditions at the jail at which he is now detained. According to the amended complaint, four of the five defendants to this action (Monty Wilkinson, Alejandro Mayorkas, Tae D. Johnson, and Marcos Charles) have been named not because they are alleged to be directly responsible for those conditions, but because they exercise general supervisory authority over U.S. Immigration and Customs Enforcement. This is an insufficient basis upon which to seek relief from those defendants in a civil action. *See Madewell*, 909 F.2d at 1208. Accordingly, this Court will recommend that Wilkinson, Mayorkas, Johnson, and Charles be dismissed without prejudice from this litigation.

  Only with respect to defendant Joel Brott has Zongo arguably pleaded sufficient personal involvement in the events at issue to state a claim on which relief may be

granted.[1]  Accordingly, this Court will grant Zongo's IFP applications and direct that service of process be effected upon Brott consistent with Rule 4 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1915(d).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY ORDERED THAT**:

1. The applications to proceed *in forma pauperis* of Plaintiff W.W.A. Zongo [ECF Nos. 4 & 7] are **GRANTED**.

2. Zongo's motion to amend pleadings [ECF No. 5] is **GRANTED**.

3. The Clerk of Court is directed to re-docket the proposed amended complaint [ECF No. 5-1] as the amended complaint, which will now serve as the operative pleading in this matter.

4. Zongo must submit a properly completed Marshal Service Form (Form USM-285) for Defendant Joel Brott.  If Zongo does not complete and return the Marshal Service Form within 30 days of this Order, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute.  A Marshal Service Form will be provided to Zongo by the Clerk of Court.

---

[1] To be clear, this Court's determination on review under § 1915(e)(2)(B) does not preclude Brott from seeking dismissal of this action for failure to state a claim on which relief may be granted (or any other basis).

5.   After the return of the completed Marshal Service Form, the U.S. Marshals Service is directed to effect service of process on Brott consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that Defendants Monty Wilkinson, Alejandro Mayorkas, Tae D. Johnson, and Marcos Charles be **DISMISSED WITHOUT PREJUDICE** as parties to this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: March 11, 2021              *s/ Hildy Bowbeer*
                                   Hildy Bowbeer
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).